CITY OF SOUTH AMBOY, PLAINTIFF-APPELLANT, v. ROBERT J. GASSAWAY, T/A GASSAWAY ENTERPRISES, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 15, 1983—Decided August 7, 1984.

Before Judges BOTTER, PRESSLER and O'BRIEN.

*Convery, Convery & Shihar,* attorneys for appellant.

*Adams, DeNoia, Cassese & Papp,* attorneys for respondent.

The opinion of the court was delivered by

BOTTER, P.J.A.D.

The City of South Amboy (City) appeals from a judgment of the trial court which held that defendant's application for a use variance was deemed approved by the South Amboy Zoning Board of Adjustment (Board) by reason of the Board's failure to adopt a memorializing resolution of its denial of the variance application within 120 days after defendant first submitted a completed application to the Board. The trial judge held that defendant's application for a variance was deemed a completed application within the meaning of the law no later than November 3, 1981, although defendant did not submit proof of service and publication of hearing notices until November 30, 1981 and the filing fee was not paid until December 9, 1981. Because the

Board's written procedures for a variance application required that proof of service (of notice to property owners within 200 feet) must be submitted and payment of the application fee must be made before a hearing will be held, we conclude that the Board's procedures contemplated that an application would not be complete until its written requirements have been satisfied. Thus, we disagree with the holding of the trial judge in this case.

Defendant leases premises in South Amboy where he operates a furniture refinishing and auto restoration business. Apparently, the furniture refinishing business is a nonconforming use which commenced before the zoning ordinance placed the property in a residential zone. Defendant was notified by a municipal official that the operation of the auto restoration portion of his business violated the City's zoning ordinance. As a result, defendant initiated the process for obtaining a use variance for his operation. Forms were obtained from the Board in order to make the application. The package of forms included a written set of "Procedures for Variance Request" (Procedures). The Procedures required the submission of an original and 13 copies of the application and 14 plot plans. In addition, notice to property owners within 200 feet was required and proof of service had to be completed and notarized as directed. A legal notice had to be published in a local newspaper at least 10 days prior to the hearing date. The Procedures also provided that the applications and plot plans *"must* be returned to the Secretary of the Board *at least 14 days* prior to date of hearing or application cannot be placed on Agenda." The last requirement was that a fee must be paid before the hearing will be held. The secretary of the Board testified that defendant must have received this package of forms because the application was submitted on forms provided by the Board.

Defendant's application was dated October 22, 1981. However, the accompanying plot plan was last revised on October 23, and the property owner's consent, which was attached to the application, was notarized on October 27. The municipal

engineer reviewed the application and plot plan in a letter addressed to the Board dated November 3, 1981. Thus, the trial judge concluded that the application and plot plan were submitted to the Board at least by November 3, 1981. However, the undisputed evidence showed that proof of service upon neighboring property owners and publication of hearing notices were not filed until November 30 and the filing fee was not paid until December 9. The application was originally listed for the November 12, 1981 meeting of the Board but it was not heard because all necessary material, including the proof of publication and the affidavit of service, were not submitted in time.

A "complete application" submitted to a board of adjustment is defined by *N.J.S.A.* 40:55D-3 as follows:

"Complete application" means an application form completed as specified by ordinance and the rules and regulations of the municipal agency, and all accompanying documents required by ordinance for approval of the application for development, including where applicable, but not limited to, a site plan or subdivision plat; provided that the municipal agency may require such additional information not specified in the ordinance, or any revisions in the accompanying documents, as are reasonably necessary to make an informed decision as to whether the requirements necessary for approval of the application for development have been met. The application shall not be deemed incomplete for lack of any such additional information or any revisions in the accompanying documents so required by the municipal agency. An application shall be certified as complete immediately upon the meeting of all requirements specified in the ordinance and in the rules and regulations of the municipal agency, and shall be deemed complete as of the day it is so certified by the administrative officer for purposes of the commencement of the time period for action by the municipal agency.

Article VII of South Amboy's Community Development Ordinance 1001 deals with its zoning board of adjustment. Section 7(b) deals with applications addressed to the original jurisdiction of the board of adjustment. It provides in part:

At the time of filing the appeal or application, but in no event less than ten days prior to the date set for hearing, the applicant shall also file all plot plans, maps, or other papers required by virtue of any provision of this ordinance or any rule of the board of adjustment. The applicant shall obtain all necessary forms from the secretary of the zoning board of adjustment. The secretary of the board shall inform the applicant of the steps to be taken to initiate proceedings and of the regular meeting dates of the board.

It is clear that the Board would not entertain defendant's application for a variance until all of its requirements were met, including payment of the filing fee. The filing fee was not paid until December 9, 1981, the date on which the Board held its first hearing on the application. In accordance with *N.J.S.A.* 40:55D-3, a "complete application" means an application form completed "as specified by ordinance and the rules and regulations of the municipal agency.... An application shall be certified as complete immediately upon the meeting of all requirements specified in the ordinance and in the rules and regulations of the municipal agency, and shall be deemed complete as of the day it is so certified by the administrative officer for purposes of the commencement of the time period for action by the municipal agency."

Although not certified as complete by any administrative officer, it is clear that the application became completed as contemplated by the zoning ordinance and the procedures adopted by the Board of Adjustment when the filing fee was paid. That date was December 9, 1981. The Board heard the application on that date, but reserved decision until its January, 1982 meeting. That meeting was held on January 13, 1982. The application was then denied by a unanimous vote. Notice of the denial was published in a local newspaper on January 16, 1982 and was republished on January 23, 1982. A formal resolution memorializing the Board's decision was adopted on March 10, 1982, and a copy of the resolution was mailed to respondent. Thus, the memorializing resolution adopted on March 10, 1982 was adopted within 120 days after the completed application was submitted to the Board as required by *N.J.S.A.* 40:55D-73. The notice to adjacent property owners was dated November 17, 1981 and the affidavit of service on that date was notarized November 25, 1981. If we treat the date of such notice as the date on which the application was complete, the memorializing resolution was adopted within 120 days after said date. Notice of the hearing on the application to property owners within 200 feet of the subject property is a

statutory requirement. *N.J.S.A.* 40:55D–12(a) and (b). Subsection (h) of *N.J.S.A.* 40:55D–12 requires that the applicant file an affidavit of proof of service with the municipal agency holding the hearing on the application for development when the applicant is required to give notice pursuant to this section. Thus, inclusion of these requirements in the Board's procedures was appropriate. We find nothing in the relevant statutes that would require an application to be deemed complete prior to the giving of such notice to neighboring property owners.

It is clear from the Board's Procedures that the Board would not entertain the application until notice had been given to neighboring property owners and proof of service of such notice, as well as payment of the application fee, were submitted to the Board. The trial judge considered these steps as merely incidental to the effectuation of the application. He held that the application was complete when the application and plot plan were submitted to the Board. Under this interpretation, an applicant could start the running of the 120 day period by filing an application and plot plan even though he thereafter delays the payment of the application fee and service of the required notice upon neighboring property owners. Under the trial judge's decision, the Board would be required to pass upon the application within 120 days of its filing date notwithstanding an applicant's failure to complete other procedures required by the Board. In the case at hand, defendant delayed the hearing by more than a month by not completing the required procedures until December 9, 1981. If the application were deemed complete on November 3, 1981, as the trial judge held, defendant's failure to complete other necessary steps until December 9 would have shortened the time in which the Board could act by more than a month. This is an untenable construction, and we reject it. The statutory provisions that deem an application approved by inaction were intended to compel local agencies to make prompt disposition of land development applications. *Precision Indus. Design Co. v. Beckwith*, 185 *N.J.Super.* 9, 17–18 (App.Div.), certif. den. 91 *N.J.* 545 (1982). How-

ever, a board of adjustment is entitled to the full 120 days after the application is complete. An applicant should not be able to shorten that time by delaying completion of procedures necessary to permit the agency to hold a hearing on the application.

Thus, we conclude that the Board in this case acted within 120 days of the time when defendant's application was complete. Within that time the Board adopted a memorializing resolution denying the application for a variance. Accordingly, the application cannot be considered approved by inaction pursuant to *N.J.S.A.* 40:55D–73 and *N.J.S.A.* 40:55D–10(g).

The judgment of the trial court is reversed and vacated, and we remand the case to the trial court so that an appropriate judgment may be entered in favor of plaintiff.